USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-14-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    - against -

GUY BRIZARD,

              Defendant.

08 Cr. 795 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached submission from the defendant requesting a "downward departure" in his sentence, which it forwards to the Government. The defendant was sentenced by this Court on May 14, 2010. The docket sheet reflects that he has filed a notice of appeal and that his direct appeal is pending in the Court of Appeals for the Second Circuit.

The defendant seeks to vacate the sentence imposed by this Court. Such a challenge can only be made in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. The Court of Appeals for the Second

Circuit, however, has stated that a district court should not, on its own, recharacterize a motion made under some other rule as a motion made under § 2255 in light of the Antiterrorism and Effective Death Penalty Act of 1996, § 106, 28 U.S.C. § 2255, which prohibits second or successive habeas corpus petitions without the permission of the Court of Appeals. See Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). A § 2255 motion attacking the validity of a sentence must include all grounds for relief to avoid a future bar against raising new grounds in a second or successive motion.

Therefore, the defendant may withdraw his motion for a "downward departure" if he does not wish to pursue relief under 28 U.S.C. § 2255. Should the defendant choose to withdraw the motion, he must notify the Court in writing by **August 11, 2010**. If the defendant does not notify the Court that he wishes to withdraw this motion, it may be recharacterized as a petition pursuant to 28 U.S.C. § 2255. Alternatively, the defendant may file an amended petition seeking relief pursuant to 28 U.S.C. § 2255. Any amended motion must be submitted to this Court's Pro Se Office by **August 11, 2010**.

The Court notes that it may be premature for the defendant to seek relief pursuant to § 2255, because it appears that his direct appeal is pending. See 28 U.S.C. § 2255; United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984) ("[C]ollateral attack

is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition under § 2255."); United States v. Grullon, No. 96 CR 466, 1997 WL 739082, at *1 (S.D.N.Y. Nov. 25, 1997) (dismissing as premature a § 2255 petition filed while petitioner's direct appeal was pending); Lopez v. United States, No. 97 Civ. 5680, 1997 WL 634176, at *1 (S.D.N.Y. Oct. 15, 1997) (same). The defendant is hereby notified that should he choose to file an amended § 2255 motion while his direct appeal is still pending in the Court of Appeals, it may be deemed premature and dismissed without prejudice.[1]

The defendant should also note that if he seeks to challenge his sentence pursuant to 28 U.S.C. § 2255, he must comply with the applicable one-year statute of limitations, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

---

[1] The Court of Appeals for the Second Circuit has found that while concerns of judicial economy may render a defendant's petition premature, there is no jurisdictional bar to a district court's consideration of a motion pursuant to 28 U.S.C. § 2255 during the pendency of a defendant's direct appeal. United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002).

3

>        movant was prevented from making a motion by
>        such governmental action;
>             (3) the date on which the right
>        asserted was initially recognized by the
>        Supreme Court, if that right has been newly
>        recognized by the Supreme Court and made
>        retroactively applicable to cases on
>        collateral review; or
>             (4)  the date on which the facts
>        supporting the claim or claims presented
>        could have been discovered through the
>        exercise of due diligence.

28 U.S.C. § 2255.  "For the purpose of starting the clock on 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari . . . ."  Clay v. United States, 537 U.S. 522, 525 (2003).

## CONCLUSION

The defendant should notify the Court by **August 11, 2010** whether he wishes to withdraw his current motion.  The defendant may submit, by **August 11, 2010**, an amended petition pursuant to 28 U.S.C. § 2255.  No answer shall be required at this time and all further proceedings shall be stayed until **August 11, 2010**, or until the defendant has complied with this Order.  If the defendant does not withdraw his motion or file an amended petition, the current motion may be recharacterized as a petition pursuant to § 2255 and may be dismissed without

Case 1:08-cr-00795-JGK   Document 81   Filed 06/14/10   Page 5 of 5

prejudice as premature.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **June 11, 2010**

                                              John G. Koeltl
                                         United States District Judge